Christian, J.,
delivered the opinion of the court..
*756 The controversy in this case arises between creditors secured by a trust deed, and execution creditors whose are not provided for in said deed. By a deed 0f trust executed the 1st November 1873, and recorded on the 4th November 1873, the debtor Nulton con- , _ veyed to Holmes Conrad, trustee, certain real estate and other property named therein, “and also all of Ms stock in trade, ioith all accretions to, and replenishments of said, stock,” in trust to secure and indemnify against loss certain endorsers upon negotiable notes drawn by Nulton, and payable at the Shenandoah Yalley National Bank at Winchester, and also to secure the payment of certain debts to other creditors therein named.. The deed contained the following provision: “ Should said endorsers, or either of them, suffer any loss or damage by reason of said endorsement, or should either of the debts herein secured not be paid on demand, then it shall be the duty of the trustee upon the written directions of either of the parties secured, to-sell the property herein conveyed as provided by law. But the trustee herein named shall not be held responsible for any of the property mentioned herein until he is ordered to sell the same as herein provided.” This-trust was never enforced; nor does it appear that any of the endorsers or creditors secured, ever directed the enforcement of the trust as prescribed by the deed. But the grantor remained in possession of this stock' and carried on business as before, selling off the stock and replacing it as he chose with other like stock, purchased with the proceeds of that conveyed in the deed, and which was sold by him. No account of these sales, were ever rendered to the trustee, nor does it appear that he exercised any supervision whatever over Nulton (the debtor) in these transactions.
This state of things continued until the 17th Novem *757 her 1875, when Perry & Co., (the appellants) who had not been secured on the deed of trust, levied their execution upon the stock in trade, then in the •of Nulton in his storehouse. By an agreement, of all the parties interested, which appears in the record, signed by their respective counsel, it was agreed that the property levied on under this execution should be sold by the sheriff, and the proceeds distributed as the court should determine, according to the rights of the parties. The sale was accordingly made by the sheriff, and the proceeds amounting to $548.95, returned by him to the court.
The sheriff returned also a list of the property sold by him. Of this property only four items, consisting ■of two wagons and two sets of harness, were in the possession or ownership of Nulton when the deed of trust of November 1st, 1873, was executed. All the rest were purchased after that date by Nulton, though as he says, by the proceeds of the sale of articles owned by him on that day.
The court below held that all the property levied on was liable first to pay the endorsers secured by the •deed of trust, upon notes ñegotiated by the Shenandoah Yalley National Bank; and accordingly so decreed. It was from this decree that an appeal was allowed by one of the j udges of this court.
The court is of opinion that said decree is erroneous.
It was held by this court in Lang v. Lee, 3 Rand. 410, “ that a deed of trust made by the debtor professedly for the indemnity of certain preferred creditors, reserving to the grantor a power over the property conveyed, inconsistent with the avowed purposes of the trust, and adequate to the defeat thereof, was, because of such reservation, void as to any creditor thereby postponed.” This case, and the doctrines it *758 established was affirmed and approved in the cases of Sheppards v. Turpin, 3 Gratt. 357, 373; Addington v. Etheridge, 12 Gratt. 400; and Marks v. Hill, 15 Gratt. 430; and may now be held as the settled law of this state.
How it is true, that in the deed under consideration,, there is no express provision that the grantor should retain possession of the goods (the stock in trade) and carry on the business, selling and receiving the proceeds as before; but the power to do so, though not conferred in express terms, arises by clear and irresistible implication. The trustee by the terms of the deed can only sell “ upon the written direction of either of the parties secured;” and it is provided that “the trustee shall not be held responsible for any of the property conveyed until he is ordered to sell the same.” If the written direction is never given, the property is never to be sold by the trustee. The trustee has no control of it, and no accountability with respect to it. Where then does the possession remain? who alone has the control over and disposition of these goods? Plainly the grantor, until a sale is directed in writing by one of the parties secured. Under this deed the grantor might, for an unlimited time, go on and sell and buy and conduct his trade just as before, without accounting to the trustee or any one else, if the parties to the deed did not choose to give written directions to the trustee to sell. By dear implication from the face of the deed, this power is conferred upon the-grantor. And the record shows that he acted under this implied authority for two years; and but for the action of the appellants in levying their execution, might have gone on for years longer. Up to the date of the levy of the execution the grantor carried on his business just as he did before the execution of the *759 deed, selling the goods, receiving the money, buying other goods, rendering no account, but conducting his business as if no deed had been executed. Such power as this, whether it arises from express provisions of the deed or from clear implication, is entirely incon- • -in -1 „ . , sistent with the avowed purposes of the trust; and upon the authority of the cases above cited, must be declared fraudulent per se, and therefore null and void.
The court is, therefore, of opinion that the appellants, Perry & Co., by the levy of their execution on the 17th November 1875, acquired a lien which is superior to all the other creditors of said Nulton, and that the fund in the hands of the court so far as it arose from the sale of the stock in trade in the storehouse of said Nulton, made by the sheriff under the agreement aforesaid, ought to have been decreed to the said Perry & Co., instead of to any of the parties secured by said trust deed. The court is therefore of opinion that the decree of the said circuit court be reversed.
The decree was as follows:
This day came again the parties by their counsel, and the court having maturely considered the transcript of the record of the decree aforesaid and the arguments of the counsel, is of opinion for reasons stated in writing and filed with the record, that the said decree is erroneous. It is therefore decreed and ordered that the same be reversed and annulled, and that the appellants recover of the appellees here, to-wit: The Shenandoah Valley National Bank, Joseph A. Nulton, T. Arthur Latham, and T. V. Purcell, their costs by them expended in the prosecution of their appeal' and writ of supersedeas here. And this court *760 proceeding to pronounce such decree as the said circuit court ought to have pronounced: It is decreed ordered that the fund in the hands of the said cir-court, arising from a sale made by the sheriff of the personal estate of said bfulton (except the two wagons and two sets of harness proved to have been in the possession of the said FTulton at the time of the execution of the deed of trust to Holmes Conrad, trustee), be paid over to the said appellants, Perry & Company, or their counsel, together with their costs by them expended in said circuit court.
Which is ordered to be certified to the said circuit court of Frederick county.
Decree reversed.